IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:22-CV-528

**SHARI BRIAN**,

    Plaintiff,

v.

**JANE DOE and WALMART STORES, INC., a Delaware Corporation licensed to do business in the state of Colorado**,

    Defendants.

## DEFENDANT'S NOTICE OF REMOVAL

TO:    PLAINTIFF AND HER ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendant Walmart Stores, Inc., by and through its counsel, Katie B. Johnson and Joseph E. Okon, of Sutton | Booker | P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1, hereby submits this Notice of Removal as follows:

### INTRODUCTION AND BASIS FOR REMOVAL

1.    Walmart Stores, Inc. ("Wal-Mart") is the Defendant in the above titled action, originally filed in the District Court, El Paso County, Colorado, Case No. 2022CV30123.  On or about January 25, 2022, Plaintiff, Shari Brian ("Ms. Brian") filed her Complaint and Jury Demand in El Paso County District Court, Colorado.  The Complaint seeks recovery of damages as to Wal-Mart based on allegations of *See generally* Plaintiff's Complaint and Jury Demand, **Exhibit A**. Plaintiff then filed an Amended Complaint on February 18, 2022. *See generally* Plaintiff's Amended Complaint and Jury Demand **Exhibit B.**

2. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of all actions between the citizens of different states, when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

3. The present action is between citizens of different states. Ms. Brian is a citizen of the State of Colorado. *See* **Exhibit A** at ¶ 1. Defendant Wal-Mart is a Delaware Corporation, with its principal place of business located in Arkansas. *See* Documents on File with Colorado Secretary of State, **Exhibit C;** *see also* **Exhibit A** at ¶ 3. Defendant further conducted a Westlaw PeopleMap search to establish Plaintiff's citizenship in the State of Colorado. PeopleMap on Westlaw is a public records search tool that aggregates publicly available information about a search subject. Plaintiff's citizenship in the State of Colorado is further established through her PeopleMap Report, which states, in part, as follows: Plaintiff has been a registered voter in the State of Colorado since 2006; Plaintiff possess a vehicle registered in the State of Colorado currently through August 31, 2022; As recent at January 18, 2021, Plaintiff's home address known by banking institutions is a Colorado address; And all of Plaintiff's known home address since 2006 are Colorado addresses *See* **Exhibit L** at ¶ 3. Colorado Secretary of State Voter Registration records further confirm Plaintiff is currently registered to vote in the State of Colorado.

4. The amount in controversy exceeds $75,000. Plaintiff's Complaint alleges she has "sustained injuries, including but not limited neck pain, mid and lower back pain, and left

shoulder pain, bilateral hip pain, radiating pain to bilateral legs numbness/tingling bilateral toes, left foot pain, sleep disturbances, and depression" *See* **Exhibit A** at ¶ 21.  Further, Plaintiff's Complaint also alleges that she "has and will continue to experience physical impairment, permanent scarring or disfigurement; Plaintiff has and will continue to experience physical and medical expenses, as well as economic and non-economic loss." *See* **Exhibit A** at 22.¶ Additionally, in Amended District Court Civil (CV) Case Cover Sheet, **Exhibit E**, Plaintiff states' she seeks' more than $100,000 in damages.  *See* **Exhibit E** at 2. Moreover, in pre-suit conferrals, Plaintiff's counsel alleged over $166,000 in incurred medical expenses, plus unknown future medical expenses.

5. Therefore, as the diversity of citizenship and amount in controversy requirements have been met, this Court has original jurisdiction of this matter. Accordingly, Plaintiff's action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

6. This Notice of Removal is timely under 28 U.S.C. §1446(b).  Wal-Mart has thirty (30) days from the date it was served with Plaintiff's Complaint to file its Notice of Removal. Wal-Mart was served with Plaintiff's Complaint and Jury Demand in this matter on January 25, 2022.  *See* **Exhibit F**.  Thus, Wal-Mart's Notice of Removal is due March 2, 2022.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

7. Pursuant to 28 U.S.C. § 1446(a), Fed. R. Civ. P. 81(c) and D.C.Colo.LCivR 81.1, a copy of all process, pleadings, and orders that were served by the parties are attached. Undersigned counsel will promptly file a Notice of Intent to Remove with the District Court for the County of El Paso.  *See* **Exhibit G**.  The process, pleadings, and orders are captioned as follows:

**Exhibit A** Complaint and Jury Demand;

**Exhibit B** Amended Complaint and Jury Demand;

**Exhibit D** District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint;

**Exhibit E Amended** District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint;

**Exhibit H** Summons to Wal-Mart;

**Exhibit I** Wal-Mart Motion for Extension of Time to Respond to Complaint;

**Exhibit J** Motion for Extension of Time to Respond to Plaintiff's Complaint.

8. Wal-Mart has complied with the requirements of 28 U.S.C. § 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1.

9. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal will be promptly filed with the Clerk of Court for the County of El Paso in Civil Action No. 2022CV30123. Also, pursuant to U.S.C. § 1446(d), undersigned counsel will promptly provide this Notice of Removal to Plaintiff's counsel. The register of actions is attached as **Exhibit K**.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, Defendant, Walmart Stores, Inc. respectfully requests that this case be removed from the District Court for the County of El Paso, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that the Defendant be afforded such further relief as this Court deems just and appropriate.

Respectfully submitted this 2nd day of March, 2022.

4

*/s/   Joseph E. Okon*
Katie B. Johnson
Joseph E. Okon
Sutton | Booker P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  kjohnson@suttonbooker.com
***Attorneys for Defendant,***
***Walmart Stores, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2022, I electronically filed a true and correct copy of the above and foregoing Defendant's Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert J. Anderson
Scott F. Anderson
Fotios M. Burtzos
Robert J. Anderson, P.C.
217 East Fillmore Street
Colorado Springs, Colorado 80907
*Attorneys for Plaintiff*

*/s/   Charla J. Crutchfield*
*A duly signed original is on file at*
*Sutton | Booker | P.C.*