**Exhibit B**

| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>**Plaintiff: SHARI BRIAN**<br><br>**Defendant: JANE DOE and WALMART, INC., a Delaware Corporation licensed to do business in the state of Colorado** | DATE FILED: February 18, 2022 3:31 PM<br>FILING ID: B6AED3EDE05F8<br>CASE NUMBER: 2022CV30123<br><br>▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Robert J. Anderson, P.C.<br>Robert J. Anderson, #10782<br>Scott F. Anderson, #44980<br>Fotios M. Burtzos, #10432<br>217 East Fillmore Street<br>Colorado Springs, CO, 80907<br>Phone Number: (719) 473-3040<br>Fax Number: (719) 473-0138<br>Email: rja@lawrja.com; scott@lawrja.com; fred@lawrja.com | Case Number:<br><br>2022CV30123<br><br>Div:       Ctrm: |
| **AMENDED COMPLAINT** | |

Plaintiff, Shari Brian, by and through her attorney of record, ROBERT J. ANDERSON, P.C., hereby Complains against Defendant, and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Shari Brian is a private individual, resident of El Paso County, residing at the address of 205 North Murray Blvd., Lot 144, Colorado Springs, State of Colorado.

2. Jane Doe is an unknown individual whose whereabouts are unknown. Jane Doe was an employee of Walmart, Inc. It is believed Jane Doe is a resident of Colorado.

3. Upon information and belief, the defendant is a Delaware corporation with its principal offices located in Bentonville, Arkansas duly licensed to conduct business in the state of Colorado. Further, upon information and belief, the defendant is and was the owner and/or operator of the Colorado Springs Wal-Mart Super Center store number 1434 located at 707 S. 8th St., Colorado Springs, CO 80905.

4. The incident here in question took place on May 30, 2020 at the defendant's above-referenced store. Venue is proper in El Paso County.

5. This suit stems from an incident occurring in El Paso County, Colorado.

6.     This Court has jurisdiction over the parties and subject matter and venue is proper in El Paso County.

## FIRST CAUSE OF ACTION
## CLAIM UNDER COLORADO'S PREMISES LIABILITY ACT, C.R.S. § 13-21-115

7.     Paragraphs 1 through 6 are incorporated herein.

8.     On or about May 30, 2020, Plaintiff was a customer at Walmart, Inc. located at 707 S. 8th St., Colorado Springs, Colorado 80905. Defendant Walmart, Inc. owned and operated the store located at 707 S. 8th St., Colorado Springs, Colorado 80905.

9.     At the time of this incident, Plaintiff was standing in a shopping aisle looking for yarn to buy.

10.    As Plaintiff was looking at yarn in one of the shopping aisles an unidentified employee of Walmart, Inc., Defendant Jane Doe struck Plaintiff on her right side with a large stocking cart.

11.    The stocking cart was loaded with so much stuff that Defendant Doe could not see where she was pushing the cart.

12.    Upon information and belief, Defendant Doe was the only employee moving the stocking cart that struck Plaintiff.

13.    Upon information and belief, having a cart loaded so high violated Defendant Walmart, Inc.'s own safety and procedure manuals regarding stocking carts.

14.    Defendant Doe, and as her employer, Defendant Walmart, Inc., failed to exercise reasonable care to protect against a known danger by failing to properly train and failure to properly steer and control the large stocking cart.

15.    C.R.S § 13-21-115 applies to this action. Plaintiff is hereby alleging a violation of the duties owed under the Act that corresponds with the status of Plaintiff.

16.    Defendant Walmart, Inc. is a "landowner" as defined in C.R.S. § 13-21-115(1).

17.    Plaintiff Brian was on Defendant Walmart, Inc.'s property as an "invitee" as that term is defined in section (5)(a) of C.R.S. § 13-21-115(1).

18.    In the event Plaintiff is determined not to be an "invitee" as defined by C.R.S. § 13-21-115, Plaintiff still claims a violation of C.R.S. § 13-21-115 under whatever status Plaintiff is deemed to have, i.e. "invitee", "licensee", "trespasser".

19.    Defendants actually knew about a danger on the property or, as an entity/person using reasonable care, should have known about it.

20. Defendants failed to use reasonable care to protect against the danger on the property.

21. As a direct and proximate result of the Defendants' failure to use reasonable care to protect against the danger on its property, Plaintiff has sustained injuries including, but not limited to, neck pain, mid and lower back pain, and left shoulder pain, bilateral hip pain, radiating pain to bilateral legs, numbness/tingling bilateral toes, left foot pain, sleep disturbances, and depression. Plaintiff has also incurred medical and other related expenses as a result of said injuries.

22. As a further proximate result of Defendants' failure to use reasonable care to protect against the danger on its property, Plaintiff has and will continue to experience physical impairment, permanent scarring or disfigurement; Plaintiff has incurred, and will continue to incur, medical expenses, as well as economic and non-economic loss.

23. All conditions precedent have been met.

## SECOND, THIRD AND FOURTH CAUSES OF ACTION
## IN THE ALTERNATIVE, NEGLIGENCE, RESPONDEAT SUPERIOR, NEGLIGENT HIRING AND/OR NEGLIGENT SUPERVISION

24. Paragraphs 1 through 23 are incorporated herein.

25. Defendant Walmart has agreed that it is a landowner such that the Premise Liability Act under C.R.S. § 13-21-115 is the exclusive remedy for Plaintiff's claims against Defendant Walmart.

26. Plaintiff originally claimed, in the alternative, negligence, respondeat superior, and negligent hiring and/or negligent supervision. As a result of Defendant Walmart's agreement as stated in ¶ 25, Plaintiff is amending her Complaint and removing these additional causes of action. In the event Defendant Walmart does not agree that it made such an agreement, Plaintiff reserves the right to amend her complaint to bring back the originally pled causes of action.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount which is undetermined at this time, plus interest from the date of occurrence, or as provided by law, for bodily injury, medical costs, economic loss, non-economic loss, permanent impairment, costs in bringing this action, and any other relief which this Court might deem appropriate.

Respectfully submitted this 18th day of February, 2022.

ROBERT J. ANDERSON, P.C.

*Scott F. Anderson*

Scott F. Anderson - #44980
Attorney for Plaintiff

3